```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 04/11/12
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------X

REGINALD SIMMONS,

                Plaintiff,

-against-

ROOSEVELT ISLAND OPERATING CORPORATION, ROOSEVELT ISLAND PUBLIC SAFETY DEPARTMENT, GRISTEDES 59 LLC, GRISTEDES SUPERMARKET MANAGER ARTIE FARRELL, GRISTEDES STORE SECURITY OFFICER ANGELO ADORNO, ROOSEVELT ISLAND PUBLIC SAFETY DEPARTMENT OFFICER JEFFREY LASZCZYCH, Badge No. 2549, ROOSEVELT ISLAND PUBLIC SAFETY DEPARTMENT DETECTIVE RIVERA, ROOSEVELT ISLAND PUBLIC SAFETY DEPARTMENT SERGEANT HERNANDEZ, ROOSEVELT ISLAND PUBIC SAFETY DEPARTMENT OFFICER CLEMENTE and ROOSEVELT ISLAND PUBLIC SAFETY DEPARTMENT CAPTAIN SUAREZ,

                Defendants.

---------------------------------------------------------------X

11 CIV 2842 (DAB)

STIPULATION OF SETTLEMENT AND ORDER OF DISMISSAL

        WHEREAS, plaintiff commenced this action by filing a complaint, alleging violations of his federal, civil and state common law rights; and

        WHEREAS, defendants have denied any and all liability arising out of plaintiff's allegations; and

        WHEREAS, the parties now desire to resolve the issues raised in this litigation, without further proceedings and without admitting any fault or liability;

        NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED, by and between the undersigned, as follows:

        1.    The above-referenced action is hereby dismissed against defendants, with prejudice, and without costs, expenses or attorneys' fees in excess of the amount specified in the Release.

2. It is hereby agreed that the defendants will pay the plaintiff the sums of money delineated in the Release in full satisfaction of all claims, including claims for costs, expenses and attorneys' fees. In consideration for the payment of this sum, plaintiff agrees to dismissal of all claims against defendants and to release the defendants, and any present or former employees and agents of the defendants from any and all liability, claims, or rights of action which were or could have been alleged in this action, including claims for costs, expenses and attorneys' fees.

3. Plaintiff shall execute and deliver to defendants' attorneys all documents necessary to effect this settlement, including, without limitation, the Release based upon the terms of this Stipulation of Settlement and Order of Dismissal. If Medicare has provided payment and/or benefits for any injury or condition that is the subject of this lawsuit, prior to tendering the requisite documents to effect this settlement, plaintiff shall have notified Medicare and shall submit with the settlement documents a Medicare final demand letter for conditional payments. A Medicare Set-Aside Trust may also be required if future anticipated medical costs are found to be necessary pursuant to 42 U.S.C. §1395y(b) and 42 C.F.R.§§411.22 through 411.26.

4. Nothing contained herein shall be deemed to be an admission by the defendants that they in any manner or way violated plaintiff's rights, or the rights of any other person or entity, as defined in the constitutions, statutes, ordinances, rules or regulations of the United States, the State of New York, the City of New York or Roosevelt Island or any other rules, regulations or bylaws of any department or subdivision thereof. This stipulation shall not be admissible in, nor is it related to, any other litigation or settlement negotiations.

5. Nothing contained herein shall be deemed to constitute a policy or practice of Roosevelt Island Operating Corporation or any agency thereof.

6. Plaintiff agrees to hold harmless the defendants and their insurance carriers regarding any liens or past and/or future Medicare payments, presently known or unknown in connection with this matter. If conditional and/or future anticipated Medicare payments have not been satisfied, defendants and their insurance carriers reserve the rights to issue a multiparty settlement check, naming Medicare as a payee or to issue a check to Medicare directly based upon Medicare's final demand letter.

7. Plaintiff agrees that he will not hereafter discuss or disclose the monetary payment term of this Agreement with any person other than his attorneys, financial advisors and immediate family members. In addition, plaintiff shall not initiate any media coverage regarding this lawsuit or the settlement thereof and, if contacted, shall limit his response to a statement that the lawsuit has been resolved to the mutual agreement of these parties, and provide no other information regarding the terms of this settlement.

8. This Stipulation and Order contains all the terms and conditions agreed upon by the parties hereto, and no oral agreement entered into any time nor any written agreement entered into prior to the execution of this Stipulation and Order regarding the subject matter of the instant proceeding shall be deemed to exist, or to bind the parties hereto, or to vary the terms and conditions contained herein.

DATED: New York, New York
March **, 2012

BY: _____
JACOBS & HAZAN, LLP
Attorneys for Plaintiff
11 Park Place, 10th Floor
New York, New York 10007

BY: _____
NICHOLAS C. KATSORIS, ESQ.
Attorneys for Defendants GRISTEDE'S 59 LLC, FARRELL and ADORNO
823 Eleventh Avenue
New York, New York 10019

SO ORDERED:

*Deborah A. Batts*
Judge Deborah A. Batts   04/11/12

_____
BY: JANICE BERKOWITZ
AHMUTY, DEMERS & McMANUS
Attorneys for Defendants
ROOSEVELT ISLAND OPERATING
CORPORATION, ROOSEVELT ISLAND
PUBLIC SAFETY DEPARTMENT,
ROOSEVELT ISLAND PUBLIC SAFETY
DEPARTMENT OFFICER JEFFREY
LASZCZYCH, ROOSEVELT ISLAND
PUBLIC SAFETY DEPARTMENT
DETECTIVE RIVERA, ROOSEVELT
ISLAND PUBLIC SAFETY
DEPARTMENT SERGEANT
HERNANDEZ, ROOSEVELT ISLAND
PUBLIC SAFETY DEPARTMENT
OFFICER CLEMENTE and ROOSEVELT
ISLAND PUBLIC SAFETY
DEPARTMENT CAPTAIN SUAREZ
200 I.U. Willets Road
Albertson, New York 11507
(516) 294-5433
(File No.: LIU 02081 IJB)